KIMMER v. NELSON.

4-9387                                              236 S. W. 2d 427

Opinion delivered February 12, 1951.

*Chas. F. Cole,* for appellant.

*R. W. Tucker,* for appellee.

GRIFFIN SMITH, Chief Justice. The Chancellor found that prescriptive rights entitled Owen Nelson and his wife to use a road across property claimed by Arthur Kimmer through purchase in 1946, but permitted Kimmer, who is the appellant here, to determine alternatively what fences he would remove.

An engineer's drawing shows the road to be within McNair's Addition to the town of Cushman. Block 12 is in the southeastern portion of the addition. With the exception of Nelson's home the property lying east of Fourth street is undeveloped. It was probably laid off for expansion purposes and is identified as "13"—a theoretical block. Fourth street extends north and south between 12 and 13. South street is an east-west thoroughfare north of block 12 and the area marked 13.

Appellant's exhibit shows that approximately 1,200 feet north of Nelson's home "center of section 9" has been indicated. A line projected south would pass to the west of Nelson's home, but east of the drawing marked Fourth street. The house and curtilage occupy an acre and were acquired by the Nelsons in 1945.

Mrs. Walter Benton testified that she and her husband built the house in 1909. Property across which the road runs was owned by a man named Einstein whose agent was Ed Reeves. At that time Mrs. Benton's father owned 80 acres and gave her the acre in the southwest corner "next to the section line." She thought the section line was 30 feet west of Nelson's plot. Appellant contends that Mrs. Benton's references to a line pointed out to her by her father were directed to the section line and that it was clear from other statements she made that the home place was laid off thirty steps east of the section line. The line would be the eastern limit of McNair's Addition.

Appellant admits that the road, if one existed, formerly ran northwesterly from a place of beginning in front of Nelson's home. It traversed the area now claimed to be Fourth street, then went diagonally across block 12 and into South street west of the middle of the block. But, said appellant, if the way once existed it had fallen into general disuse. For this reason he closed the exit into South street. He also closed Fourth street where it enters, or rather intersects, South street, then continued the fence southward in a manner blocking the exit from Fourth street to Nelson's home. This was done on the theory that the outlet to which Nelson was entitled was east of the strip of land claimed to be Fourth street, therefore Nelson had an outlet north along the section line. The plat shows Fourth street to be 50 feet wide, but there is testimony that in traveling north a steep hill caused by a sharp depression would be encountered.

Under the optional rights granted by the court appellant chose to open Fourth street where it enters South street, and also at the old entrance opposite Nelson's home. Pending appeal appellant was permitted to maintain gates for Nelson's convenience, but if the decree should be affirmed the impediments were to be removed.

The evidence is sufficient to support the decree. While block 12 was wooded and apparently had not been appreciably developed, the Nelson property had been occupied from time to time as a residence for forty years and no one had questioned the right to use Fourth street or the diagonal route across block 12. Certainly Fourth street was open to the public, and if it be conceded that the right given Mrs. Benton by Reeves was initially permissive, personal, and involved temporary accommodation, the unexplained failure to object when the Benton property changed hands from time to time and others used the roadway as a matter of course justified a generally accepted belief that traffic was not objected to. *McGill* v. *Miller*, 172 Ark. 390, 288 S. W. 932.

The fair inference to be drawn from preponderating testimony is that for the greater part of a half century

use of the thoroughfare was not questioned and that to the extent of the limited travel in that area those who utilized the way believed they had a right to do so, and their actions were open, notorious, and adverse. In these circumstances the original restriction in the nature of a permissive use in favor of particular persons was abandoned through the long lapse of time.

Affirmed.

Mr. Justice WARD disqualified and did not take part in the consideration or determination of this case.