BATES *v.* BROCK.

5-1406

309 S. W. 2d 20

Opinion delivered January 13, 1958.

[Rehearing denied February 10, 1958]

*Wiley W. Bean,* for appellant.

*L. A. Williams* and *Richard Mobley,* for appellee.

Sam Robinson, Associate Justice. This is the second time this case has been here on appeal (*Brock* v. *Bates,* 227 Ark. 173, 297 S. W. 2d 938). The suit was filed by appellees, Jack Brock and others, to enjoin the appellant, Bates, from maintaining a gate across a road which appellees claim is a public road. At the first trial the chancellor granted Bates' motion for a judgment when the plaintiffs closed their case in chief. The decree was reversed by this Court on a finding that the evidence was sufficient to make out a case for the plaintiff in the absence of other evidence. On a retrial the cause was fully developed and the chancellor rendered a decree in favor of plaintiffs, Jack Brock and others, requiring Bates to leave the road open.

The issue is whether the road in question is a public road. If it is, then of course Bates has no right to close it and the decree of the chancellor must be affirmed; and there is the further issue, raised on cross-appeal, as to whether appellees are entitled to damages.

The road in controversy is located in Johnson County and extends from Old Highway 64 westward across the land of Bates and then across the land of Buddy Brock and then on to the land of appellees, Jack Brock and H. G. Clark. Bates bought his land from Cecil Barger in 1953. Barger, now about 65 years of age, testified that he first became acquainted with the land and the road across it in the year 1906, when the property now owned by Bates was purchased by his, Barger's, father. He moved onto the property at that time and lived on it during a greater portion of the time until 1950. He purchased the property about 1937 and sold it to Bates in 1953. Barger testified that the road had always been considered a public road and that he had never regarded it as a private road. At one time he

did threaten to "nail it up" because of troublesome stock, but he didn't do it.

Older residents of the area, ranging in age from about 56 to 70 years, testified that the road had been there ever since they could remember and that it had been used freely by them and the public generally for fifty years and more, one such resident, W. P. Smith, testifying that he had traveled the road for some 63 years, which would date back to 1892, and John Brown that he had traveled the road on a specific occasion in 1900 and also that he had been over it before then. There is a reasonable inference deducible from the evidence that the road extended from Old Highway 64 to a point on the Arkansas River known as Pittsburg Landing and that the road was used by the public in going to and from the landing during a good part of the last century. The evidence is convincing that the road was open and being used by the public as a matter of right without objection by those who owned the land prior to Bates.

In *Craig* v. *O'Bryan,* 227 Ark. 681, 301 S. W. 2d 18, we said:

> "To establish their easement by prescription, it is necessary that appellees establish their use of the roadway for more than seven consecutive years, under a claim of right, adverse, and hostile to appellants. Quoting from 14 Words and Phrases, Easement by Prescription, p. 98: ' "*Easement by prescription*" may be created only by adverse use of privilege with knowledge of person against whom easement is claimed, or by use so open, notorious, and uninterrupted that knowledge will be presumed, and exercised under claim of right adverse to owner and acquiesced in by him.' " (Emphasis supplied)

In the case at bar Barger stated that from 1906 until he sold the land in 1950 he considered the road a public road, considered that the public had a right to use it, and never stopped its use; that he never considered it was being used by his permission, but on the contrary that people were using it as a matter of right.

He also testified that he signed a petition to have the road made a county road. However, the record does not reflect a court order to that effect.

The case of *Kimmer* v. *Nelson*, 218 Ark. 332, 236 S. W. 2d 427, deals with a time element comparable to that in the instant case:

"The fair inference to be drawn from preponderating testimony is that for the greater part of a half century use of the thoroughfare was not questioned and that to the extent of the limited travel in that area those who utilized the way believed they had a right to do so, and their actions were open, notorious, and adverse. In these circumstances the original restriction in the nature of a permissive use in favor of particular persons was abandoned through the long lapse of time."

Appellant further contends that even though it should be held that the public has gained the right to use the road by prescription, such right has been lost by reason of adverse possession on the part of appellant and his predecessors in title. Appellant contends that a gate has been maintained across the road for more than seven years; that it has therefore been held adversely to the public. The evidence is not convincing that either Bates, or Barger, his predecessor in title, ever reacquired by adverse possession the land on which the road is located.

The gate in question which brought about this controversy is located on the Bates land and is across the road which has just been described. The gate was constructed in September, 1955. There is nothing in the record which shows that this, or any other gate on the land to which Bates claims title, had been maintained continuously for a period of seven years.

On cross-appeal appellees contend that according to a preponderance of the evidence they are entitled to damages by reason of Bates' having kept the road closed during the year 1956, and we believe that appellees are right in their contention. It appears that the land

could have been rented by appellees for $200 for that year, except for the fact that the road was closed to them by the appellant.

Affirmed on appeal; reversed on cross-appeal, with directions to enter a decree not inconsistent herewith.

WARD, J., dissents.