The Honorable Mike Everett State Senator 412 Broadway Marked Tree, Arkansas 72365
Dear Senator Everett:
I am writing in response to your request for my opinion on the following questions:
 1. May Drainage District #7 in Poinsett County rent its property to an individual for purposes of private hunting?
 2. If so, may that individual then lease the lands, thereby denying the public the right to hunt the lands as they have done for decades?
RESPONSE
In my opinion, the answer to your first question is "yes" so long as the rental proceeds are used in furtherance of purposes authorized by statute. With respect to your second question, I believe the answer is "yes" unless (a) Drainage District #7 (the "District") has expressly forbidden such activity as a condition of its rental or (b) the public has obtained a prescriptive easement to hunt on the land.
 Question 1: May Drainage District #7 in Poinsett County rent its property to an individual for purposes of private hunting?
Subsection 14-125-303(a)(3)(C) of the Arkansas Code expressly authorizes a drainage-district board "[t]o sell, lease, or otherwise dispose of any of its property or interests therein in furtherance of the purposes and provisions of this chapter." Accordingly, I believe the District may lease the property to an individual for any agreed-upon use so long as the proceeds are expended in furtherance of permitted District purposes.
Question 2: If so, may that individual then lease the lands, therebydenying the public the right to hunt the lands as they have done fordecades?
As discussed in the enclosed Ark. Op. Att'y Gen. No. 92-193, the Arkansas Code provides that a lessee of land may post the property to prevent hunting by others. A.C.A. §§ 18-11-404 and -405. Assuming the District has not forbidden its lessee to lease out hunting rights on the property, these statutes would appear to control. However, in my opinion, the public would nevertheless be entitled to hunt on the property if the circumstances are consistent with the creation of a public prescriptive easement for hunting. The elements of a prescriptive easement, were recently set forth in Smith v. Loyd, 68 Ark. App. 127, 130-31,5 S.W.3d 74 (1999):
 Prescription is the acquisition by an adverse user of title to a property right which is neither tangible nor visible, as distinguished from the acquisition of title to the land itself by adverse possession. Johnson v. Jones, 64 Ark. App. 20, 977 S.W.2d 903 (1998). The Supreme Court has considered the period for acquiring a prescriptive right-of-way as analogous to the statutory seven-year period for the acquiring of title by adverse possession and has held that both require seven years. Id. Unlike adverse possession, however, prescriptive use need not be exclusive. Id. One asserting an easement by prescription must show by a preponderance of the evidence that his or her use has been adverse to the true owner and under a claim of right for the statutory period. Id. The determination of whether the use of a roadway is adverse or permissive is a question of fact, and a chancellor's finding with respect to the existence of a prescriptive easement will not be reversed by this court unless it is clearly erroneous. Id.
 In Kimmer v. Nelson, 218 Ark. 332, 236 S.W.2d 427 (1951), where a roadway had been used by a succession of owners for forty years, the supreme court held that the original restriction in the nature of a permissive passageway across the land of another may be deemed to have been abandoned if such use is not objected to by the landowner after a long passage of time. In Fullenwider v. Kitchens, 223 Ark. 442, 266 S.W.2d 281 (1954), the supreme court applied the principle announced in Kimmer to uphold a lower court's finding that use of a road through wild and unimproved land for over thirty years overcame the presumption that use of the land was permissive.
You report in your request that "[m]embers of the public have hunted the lands for many decades." Such long use would certainly factor into a court's determination regarding whether a prescriptive easement exists on the property. However, making a final determination on this issue will entail considering all the pertinent facts — a task I am neither equipped nor authorized to undertake.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosure