Gene McWHORTER *v.* Bernice McWHORTER

02-492                                                    97 S.W.3d 408

Supreme Court of Arkansas
Opinion delivered February 6, 2003

[Petition for rehearing denied March 13, 2003]

*Roscopf and Roscopf, P.A.*, by: *Charles B. Roscopf*, for appellant.

*Bernice McWhorter*, Pro Se.

W H. "DUB" ARNOLD, Chief Justice. Appellant Gene McWhorter appeals to this court, asserting that the trial court's finding that he had not proven his gambling losses was clearly erroneous and an abuse of discretion. We disagree and affirm the trial court. On cross-appeal, Appellee Bernice McWhorter asserts three points on appeal: 1) the trial court erred in allowing Appellant's 1998 income tax return admitted into evidence; 2) the trial court erred in recalculating Appellant's income for child-support purposes based on 1998 income tax return; and 3) the trial court erred by deviating from the child-support guideline chart. We affirm the trial court on the cross-appeal.

This is the third appeal of this child-support case. In the first appeal, the court of appeals reversed and remanded the case because the trial court had failed to comply with Rule 52(a) of the Arkansas Rules of Civil Procedure. *McWhorter v. McWhorter*, 70 Ark. App. 41, 14 S.W.3d 528 (2000). In the second appeal, the

case was certified to this court as a case of first impression and of substantial public interest. *McWhorter v. McWhorter,*346 Ark. 475, 58 S.W.3d 840 (2001). This court reversed the trial court because it had included gambling winnings in computing income for child-support purposes, but failed to allow gambling losses to be deducted up to the amount of winnings. The case was also remanded for further proceedings to prove gambling losses and to recalculate disposable income based in previous years federal and state income tax returns and the quarterly estimates of the current year. On remand, the trial court found that Appellant failed to carry his burden of gambling losses for the period in question and refused to adjust Appellant's income to give him credit for his losses.

In 1993, Appellant Gene McWhorter and Appellee Bernice McWhorter were divorced. Under the divorce decree, custody of the couples two children[1], Warren Jeffrey and Kimberly Jean, was awarded to Appellee, and Appellant was ordered to pay child support. In 1995, the trial court modified its order for child support and ordered Appellant to pay child support in the amount of $465.00 per month. On February 15, 1996, Appellee filed a motion for increase in child support. Two years later, a trial was held in April 1998, and on August 18, 1998, the trial court issued a letter opinion, including gambling winnings but not his gambling losses in the calculation of child support.

After a hearing on reversal and remand from this court, the trial court found that the Appellant "failed to carry his burden of his gambling losses for the period in question," and did not allow for any losses. It is from that finding that Appellant brings this appeal and Appellee brings her cross-appeal. At the hearing, only two witnesses were heard, Appellant and his accountant, Deborah Norwood.

Appellee called Appellant as her only witness and offered no documentary evidence other than an excerpt from Appellant's previous testimony.

---

[1] The children involved in this case are no longer eligible for child support. Jeffrey graduated from high school in May 1998 and Kimberly reached age 18 on August 16, 2001. Appellant has had no legally required support obligation for more than 14 months.

Appellant testified as to the documents provided to his accountant to satisfy the Internal Revenue Service (IRS). His accountant, Norwood, testified as to the documents required to prove gambling winnings and losses. Appellant offered into evidence the W-2G for 1997 and 1998 (an IRS form required if a threshold amount of winnings was reached) to prove his winnings. Appellant also offered into evidence his ATM withdrawal slips for 1997 and 1998 to prove his gambling losses. Appellant also offered his federal and state income tax returns for 1998 and testified from his federal and state income tax returns for 1997. Appellant's 1997 income tax return shows under line 21 — other income — his gambling income in the sum of $20,900.00, and as an itemized deduction — Schedule A — line 27 — his gambling losses in the sum of $20,900.00. Appellants 1998 income tax return shows under line 21 — other income — his gambling income in the sum of $12,040.00, and as an itemized deduction — Schedule A — line 27, his gambling losses in the sum of $12,040.00.

Norwood confirmed the documents that Appellant provided her regarding gambling winnings and losses, and stated Appellant gave her the W-2G forms and the ATM withdrawal slips. She further testified that the IRS will take wager tickets, cancelled checks, credit cards, bank withdrawals, statement of actual winnings, payment slips provided to the taxpayer by the gambling casino, and that the IRS would also accept an accurate diary to calculate losses. The trial court found that the ATM withdrawal slips were not sufficient to prove Appellant's gambling losses, and entered its order that Appellant failed to carry his burden of proving his gambling losses.

We most recently set out our standard of review in child-support cases in *McWhorter v. McWhorter*, 346 Ark. 475, 58 S.W.3d 840 (2001):

> We review chancery cases de novo on the record, and we will not reverse a finding of fact by the chancery court unless it is clearly erroneous. Ark. R. Civ. P. 52(a); *Myrick v. Myrick*, 339 Ark. 1, 2 S.W.3d 60 (1999). In reviewing a chancery court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Hunt v. Hunt*, 341 Ark. 173, [15 S.W.3d 334].

> As a rule, when the amount of child support is at issue, we will not reverse the chancellor absent an abuse of discretion. *Scroggins v. Scroggins*, 302 Ark. 362, 790 S.W.2d 157 (1990). However, a chancellor's conclusion of law is given no deference on appeal. *City of Lowell v. M & N Mobile Home Park Inc.*, 323 Ark. 332, 916 S.W.2d 95 (1996).

*McWhorter*, 346 Ark. at 480, 58 S.W.3d at 843 (quoting *Kelly v. Kelly*, 341 Ark. 596, 599, 19 S.W.3d 1, 3 (2000)). The trial court did not abuse its discretion in this case, and its findings were not clearly erroneous; we, therefore, affirm.

Appellant contends that this case raises the question as to what rules of evidence are to be used in the proof of gambling losses, Arkansas Rules of Evidence or the requirements of the Internal Revenue Code and Regulations. Rule 102 of the Arkansas Rules of Evidence provides as follows:

> These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence, to the end that the truth may be ascertained and proceedings justly determined.

Ark. R. Evid. 102. Rule 803(6) of the Arkansas Rules of Evidence provides:

> (6) *Records of Regularly Conducted Business Activity.* A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses [sic], made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Ark. R. Evid 803(6). Appellant argues that the ATM withdrawal slips show his gambling losses being a record made at or near the time by a person with knowledge and kept in the course of a

regularly conducted business activity, and it was the regular practice to make the record.

Appellant further asserts that from Arkansas cases, as well as Administrative Order No. 10, it appears that the appellate courts rely on the IRS Code where a determination of income is involved in a child-support case, at least where a self-employed person is involved. Administrative Order No. 10, and Section III(c) of this Order provides:

> For self-employed payors, support shall be calculated based on last years federal and state income tax returns and the quarterly estimates for the current year.

Administrative Order No. 10, Sec. III(c).

The trial court's letter opinion stated that the evidence of the ATM withdrawals demonstrates only that Appellant withdrew cash while at the casino. Appellant argues that by restricting evidence to prove gambling losses so severely the trial court arbitrarily ruled that the "best evidence" to prove gambling losses was a statement from the casino. Appellant contends that this "best evidence" standard is not mentioned in the IRS Code. Appellant states that the trial court's ruling is grossly unfair and inequitable because it requires the child support obligor to pay child support based on money he never had. Appellant contends that the proof was undisputed that all of his winnings came from slot machines and it is manifest that a person does not win on every pull of the handle. Appellant cites a U.S. Tax Court case that recognized that in engaging in a gambling endeavor, a gambler always loses. *Cohan v. Commissioner*, 39 F.2d 540 (2d Cir. 1930). However, the trial court did not abuse its discretion. According to IRS Regulation 77-29, a gambler "must keep an accurate diary or similar record of your losses and winnings. Your diary should contain at least the following information: 1) the date and type of your specific wager or wagering activity; 2) the name and address or location of the gaming establishment; 3) the names of other person(s) (if any) present with you at the gaming establishment; and 4) the amount you won or lost. . . In addition to your diary, you should also have other documentation. Such as, but not limited to, wagering tickers. . . bank withdrawals, etc. . . ." Also, for specific

wagering transactions, such as slot machines, the IRS states, "[y]ou should have a record of the machine numbers and all winnings by date and time the machine was played." Revenue Procedure 77-29.

■ Therefore, the trial court did not abuse its discretion because Appellant did not prove all of the above. Appellant did not maintain a diary, only ATM withdrawal slips, which are not sufficient alone to constitute a diary under the IRS Code. Further, these ATM withdrawal slips are not "records of regularly conducted business activity" under the Arkansas Rules of Evidence. The ATM withdrawal slips are simply proof that money was withdrawn from an account. They do not prove that the money was spent at a casino, or any exact location.

Appellant argues that as an alternative, the case should be reversed and remanded with directions to the trial court to take additional evidence regarding his gambling losses. This alternative was already taken when this court remanded the case back to the trial court. The trial court held a hearing on such matters and a ruling was made with no abuse of discretion.

Appellee contends in her cross-appeal that the trial court erred when it allowed Appellant's 1998 income tax return into evidence over her objection. Appellee states that Appellant was mandated to return to court and bring documentary evidence of gambling losses for the years in question; therefore Appellee states that 1998 should not have been at issue. Appellee states that the expendable income of Appellant had already been determined by the trial court and affirmed on appeal by this Court and cannot be changed. Appellee asserts that the only years in question were 1995, 1996, and 1997, to the extent that Appellant could prove any such losses.

■ However, the previous mandate ordered that Appellant's income for child-support purposes be recalculated using the previous year's disposable income and quarterly estimates for the current year. The purpose of the child-support guidelines is to use the most current income information because it more accurately portrays the payor's expendable income. The child-support guidelines direct the use of the previous year's income and the

quarterly estimates for the current year. This case was tried in April 1998, therefore the previous year's income must refer to the 1997 and the current year refers to 1998.

Appellee's argument regarding whether the trial court erred in deviating from the child-support guidelines cannot be considered because she did not preserve the point for appeal. The trial court made a finding in a letter opinion that Appellant had earnings of $53,317.66 in 1997 (without any adjustment from gambling losses) and $33,986.00 for 1998 (without any adjustment for gambling losses) in the final order. The trial court adjusted the 1998 figure by allowing as deductions pursuant to Administrative Order 10 federal taxes in the sum of $3,581.00 and Arkansas taxes in the sum of $609.00, and arrived at the sum of $29,796.00 as Appellant's income for 1998.

■ Appellee argues for the first time on appeal that the trial court should have added back into Appellant's 1998 income the depreciation for a truck that was purchased in 1998, and that by not doing so, the trial court deviated from the child-support chart without making any written findings. It is well settled that this court will not consider arguments raised for the first time on appeal. *Laird v. Shelnut*, 348 Ark. 632, 74 S.W.3d 206 (2002).

Therefore, the trial court did not abuse its discretion in finding that Appellant had not proven his gambling losses. The only evidence Appellant produced were ATM withdrawals from casinos, and this evidence was not enough. Regarding the cross-appeal, we affirm the trial court. The trial court did not abuse its discretion in using the 1998 income tax return for child-support purposes. Further, the point regarding whether the trial court erred by deviating from the child-support chart guidelines was not preserved on appeal.

For these reasons, we affirm.