Timothy BAYSINGER *v.* Kendall BIGGERS

CA 07-99                                        265 S.W.3d 144

Court of Appeals of Arkansas
Opinion delivered October 10, 2007

*Patterson Law Firm, P.A.*, by: *Jerry D. Patterson,* for appellant.

*Cooper & Bayless, P.A.*, by: *Mark F. Cooper,* for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The appellee filed this lawsuit alleging that he had an easement by prescription over a road on land owned by appellant and requesting an injunction to require appellant to widen a gate that he had constructed so as to permit easy access by large pickup trucks. After a hearing, the trial court granted a temporary injunction requiring the gate to be widened until a final decision. After briefs were submitted, the trial judge rendered a decision based on the evidence taken at the temporary injunction hearing and found that appellee had established an easement by prescription. On appeal, appellant contends that the trial court erred in so finding. We agree, and we reverse.

Our standard of review in equity cases is well settled:

We review chancery cases de novo on the record, and we will not reverse a finding of fact by the chancery court unless it is clearly erroneous. *McWhorter v. McWhorter*, 351 Ark. 622, 97 S.W.3d 408 (2003); *Myrick v. Myrick*, 339 Ark. 1, 2 S.W.3d 60 (1999). In reviewing a chancery court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Id.* Disputed facts and determinations of witness credibility are within the province of the fact-finder. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Owners Assoc. of Foxcroft Woods v. Foxglen*, 346 Ark. 354, 57 S.W.3d 187 (2001); *RAD-Razorback Ltd. Partnership v. B. G. Coney Co.*, 289 Ark. 550, 713 S.W.2d 462 (1986). It is this court's duty to reverse if its own review of the record is in marked disagreement with the chancery court's findings. *Dopp v. Sugarloaf Mining Co.*, 288 Ark. 18, 702 S.W.2d 393 (1986) (citing *Rose v. Dunn*, 284 Ark. 42, 679 S.W.2d 180 (1984); *Walt Bennett Ford v. Pulaski County Special School District*, 274 Ark. 208, 624 S.W.2d 426 (1981)).

*Carson v. Drew County*, 354 Ark. 621, 624-25, 128 S.W.3d 423, 425 (2003).

▮ Use of property may ripen into an easement by prescription, even if the initial usage began permissively, if it is shown that the usage continued openly for the statutory period after the landowner knew that it was being used adversely, or under such circumstances that it would be presumed that the landowner knew it was adverse to his own interest. *Manitowoc Remanufacturing, Inc. v. Vocque*, 307 Ark. 271, 819 S.W.2d 275 (1991); *Fields v. Ginger*, 54 Ark. App. 216, 925 S.W.2d 794 (1996). The determination of whether the use of a roadway is adverse or permissive is a question of fact. *Stone v. Halliburton*, 244 Ark. 392, 425 S.W.2d 325 (1968).

▮ Here, the evidence established that appellee had continuously used the roadway for a period in excess of seven years. However, there was no evidence, other than length of use, to establish that appellant knew or should have known that the use was hostile. The only evidence at trial was that appellee began using the road to access his property in 1961 and that there had been no objection. One other nearby landowner, Mr. Tuttle, testified that he had used the road since 1970. Significantly, even appellee did not testify that his use was adverse, hostile, or under a

claim of right: the testimony at the emergency hearing was exclusively directed to the extent of the use rather than the nature of it. Appellee's attorney himself stated at the beginning of the hearing that, when a full trial was held, appellee could prove that there were conditions putting appellant on notice that the initially permissive use had ripened into an adverse use. But no further proceedings were held, and no additional evidence was taken.

■ Time alone will not suffice to transform permissive use into legal title. *McGill v. Miller*, 172 Ark. 390, 288 S.W. 932 (1926). There must be some circumstance in addition to length of use to show that the use was adverse, and it was appellee's burden to show that such circumstances existed. Several cases have found evidence of use by the general public to constitute such a circumstance. In *McGill*, this was found on the basis of the nature of the alleyway, which was marked by "the fences and a barn along the south side, which constituted an invitation to the public to use it as an alley." *Id.* at 393-94, 288 S.W. at 934. Here, the way in question was over forested lands and was described as an old timber road. Easements were found to exist on such a road in *Kimmer v. Nelson*, 218 Ark. 332, 236 S.W.2d 427 (1951), and in *Fullenwider v. Kitchens*, 223 Ark. 442, 266 S.W.2d 281 (1954). In *Kimmer*, however, there was evidence that the roadway had been in general public use to such an extent to support an inference that "those who utilized the way believed they had a right to do so, and their actions were open, notorious, and adverse." 218 Ark. at 335, 236 S.W.2d at 428. Likewise, in *Fullenwider*, there was extensive evidence of use by the general public based on the testimony of a half-dozen witnesses who testified as to their own use of the road and that of the general public dating back to the days of travel by wagon and buggy. There is nothing in the record before us to support a finding of generalized public use for a long period of time or any "other circumstance" in addition to length of use that would satisfy appellee's burden of showing that the use was adverse. Consequently, we reverse and remand for further consistent proceedings.

Reversed and remanded.

GLADWIN and ROBBINS, JJ., agree.