N. MARK KLAPPENBACH, Judge
Wilson Clark, by and through his attorney-in-fact, his son Jason Clark, filed a petition in the Madison County Circuit Court to establish a prescriptive easement in a roadway crossing over property owned by appellees Marsha and Jimmy Eubanks.
*508 The circuit court denied Clark's petition. Clark now appeals, and we affirm.
The road in question intersects with a county road and runs through the Eubankses' property and onto the eastern boundary of the property owned by Wilson Clark. Clark alleged in his petition that he and his predecessors in interest had used the roadway in an open, notorious, hostile, and adverse manner for a continuous period of time in excess of fifty years such that their use and maintenance had ripened into a roadway of prescription. He claimed that Jimmy Eubanks had threatened to close the road or otherwise prevent the Clark family's use of the road.
Diana and Jason Clark testified at the November 2017 bench trial that they had lived on the property owned by Wilson Clark for twenty years and had always used the road in question to access their home. They said that the county had graded the road upon their request about twice a year for the last twenty years. They testified that they had never asked for or been given permission to use the road, and they had never had anyone try to limit their use of the road until Jimmy Eubanks bought his property in March 2017. Jason testified that Eubanks had threatened to block the road with gates and fences and to install cattle guards in the road and the lateral lines for his septic system near the road. Jason also claimed that Eubanks had threatened to shoot at anyone using the road.
Jimmy Eubanks testified that he purchased his property in March 2017 from a family member and began living there in July after putting a modular home on the property. He denied that he had threatened to harm the Clarks, had blocked or done anything to interfere with the Clarks' use of the road, or had told them that they could not use the road. Eubanks said that he had spoken to a bulldozer operator about improving the road on his property due to its rough condition. This would result in the road being torn up for a couple of days, but the bulldozer operator would make an alternate route through a field for the Clarks to use while the work was being done. Eubanks said that when he informed Jason of his plan, Jason "blew up" and threatened to sue. Eubanks testified that the county had not maintained the road and had graded it only twice in twenty years. He said that if he chooses to run cows on his property in the future, he would like to install a cattle guard in the road.
The circuit court ruled from the bench that the Clarks had not proved that they had used the road in an adverse or hostile manner for seven years. The court's order dismissed Clark's petition upon finding that he had failed to meet his burden of establishing and proving a prescriptive easement.
We review equity cases de novo on the record, but we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. Baker v. Bolin , 2012 Ark. App. 141, 2012 WL 474527. In reviewing a circuit court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. Id. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. Id.
A prescriptive easement may be gained by one not in fee possession of the land by operation of law in a manner similar to adverse possession. Wilson v. Schuman , 90 Ark. App. 201, 205 S.W.3d 164 (2005). In Arkansas, it is generally required that one asserting an easement by prescription show by a preponderance of the evidence that his or her use has been *509 adverse to the true owner and under a claim of right for the statutory period. Id. The statutory period of seven years for adverse possession applies to prescriptive easements. Id.
Overt activity on the part of the user is necessary to make it clear to the owner of the property that an adverse use and claim of right are being exerted. Id. Mere permissive use of an easement cannot ripen into an adverse claim without clear action, which places the owner on notice. Id. Some circumstance or act in addition to, or in connection with, the use that indicates the use was not merely permissive is required to establish a right by prescription. Id. The plaintiff bears the burden of showing by a preponderance of the evidence that there has been adverse, not permissive, use of the land in question. Id.
Clark relies on the following principle as stated by the supreme court in arguing that his family's use of the road over several decades was adverse to Eubanks:
Where there is usage of a passageway over land, whether it began by permission or otherwise, if that usage continues openly for seven years after the landowner has actual knowledge that the usage is adverse to this interest or where the usage continues for seven years after the facts and circumstances of the prior usage are such that the landowner would be presumed to know the usage was adverse, then such usage ripens into an absolute right.
Fullenwider v. Kitchens , 223 Ark. 442, 446, 266 S.W.2d 281, 283 (1954). Clark also claims that the fact that Eubanks would not be able to graze cows without a cattle guard shows that the Clark family's use of the road was adverse to Eubanks.
Although the evidence showed that the Clarks had openly used the roadway for more than seven years, time alone will not suffice to transform permissive use into legal title. Baysinger v. Biggers , 100 Ark. App. 109, 265 S.W.3d 144 (2007). There must be some circumstance in addition to length of use to show that the use was adverse. Id. In Baysinger , there was no circumstance, such as use by the general public, that would establish that the landowner knew or should have known that the use was hostile. We noted that the only evidence at trial was that the plaintiff had begun using the road to access his property in 1961 and that there had been no objection.
Similarly here, by the Clarks' own testimony, there had been no objection to their use of the road until 2017. Even if the Clarks' use of the road was adverse as to Jimmy Eubanks beginning in March 2017 when he purchased the property, this usage falls far short of the seven years required to ripen into a prescriptive easement. There was no evidence that the road had been used by the general public or that the Clarks had committed any overt acts that would have put the prior landowners on notice that an adverse use and claim of right were being exerted. See Wilson , supra . Accordingly, their usage did not ripen into an absolute right as in Fullenwider .
Alternatively, Clark argues that the circuit court should have granted a public easement because the road is a county road. His argument below, however, was limited to his claim that his family had obtained an easement by prescription; he did not argue the issue of a public easement to the circuit court. We therefore affirm the circuit court's order.
Affirmed.
Virden and Whiteaker, JJ., agree.