Cite as 2020 Ark. App. 451

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-19-912

|  |  |
|---|---|
| TORRENCE R. BISHOP, MARY ELIZABETH BISHOP, AND PAUL GILLIHAN<br><br>APPELLANTS<br><br>V.<br><br>ROBERT SMITH AND SANDRA SMITH<br>APPELLEES | Opinion Delivered September 30, 2020<br><br>APPEAL FROM THE IZARD COUNTY CIRCUIT COURT<br>[NO. 33CV-18-123]<br><br>HONORABLE HOLLY L. MEYER, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Torrence Bishop, Mary Elizabeth Bishop, and Paul Gillihan appeal the Izard County Circuit Court's entry of declaratory judgment and injunctive relief in favor of appellees Robert[1] and Sandra Smith. We affirm.

Sandra Smith owns real property on Ayler Mountain in Izard County (the "Smith property"). Paul Gillihan and Mary Bishop are siblings who own real property (the "Gillihan property") adjacent to the Smith property. The Smith property and the Gillihan property have been in each respective family for decades. An old county road, known as Ayler Mountain Road, extends to the north from Greasy Bottom Road, crosses the Gillihan property, and enters the Smith property on its southern boundary. This is what the parties and witnesses referred to as the "south entrance." The witnesses agreed that the county has not maintained Ayler Mountain Road

---

[1]After the commencement of this action, Robert Smith died, leaving Sandra the sole appellee.

for decades, but according to Smith and her witnesses, for as long as they have owned the property, she and her predecessors in title have used Ayler Mountain Road as their exclusive access to a part of the Smith property on Ayler Mountain that was not accessible by any other road.

In 2017, Gillihan and Bishop blocked access to Ayler Mountain Road by placing a berm at the entrance of the road. On September 17, 2018, Smith filed a petition for declaratory judgment and injunction in the Circuit Court of Izard County, seeking to establish an easement by prescription, an easement by acquiescence, or a public easement across the Gillihan property via Ayler Mountain Road. Gillihan and Bishop timely answered and filed a counterclaim for declaratory judgment and to quiet title. A bench trial was held on June 27, 2019, and on July 23, the circuit court issued a letter ruling wherein it found that Smith met the requirements to establish a prescriptive easement over Ayler Mountain Road. The circuit court's letter ruling was memorialized in an amended order granting declaratory judgment and an injunction, filed of record on October 15, 2019. The court found that the Smiths' use had been sufficiently open, notorious, and adverse to establish a prescriptive easement. The court found that there was insufficient evidence that any gate or fencing had been in place "long enough, consistent enough, or clearly visible enough" to defeat Smith's claim. This appeal followed.

We review equity matters de novo on the record but will not reverse a finding of the lower court unless it is clearly erroneous. *Five Forks Hunting Club, LLC v. Nixon Family P'ship*, 2019 Ark. App. 371, at 13, 584 S.W.3d 685, 694. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* In reviewing a circuit court's findings, we must give due deference to the circuit court's superior position to determine the credibility of the

2

witnesses and the weight to be accorded to their testimony. *Id.* Disputed facts and determinations

of witness credibility are within the province of the fact-finder. *Id.*

Appellants' main argument is that the circuit court erred by finding that a gate, which was

installed on the road but left open and did not impede the Smiths' use of the road, was not

sufficient to constitute notice to the Smiths of appellants' intent to reclaim their interest in the

road and tolerate only permissive use. Specifically, the court found that

> Ayler Mountain Road was gated on the South by Bishop's predecessors in the 1980s. The wooden gate was later replaced by a wire gap although the gate and wire gap were seldom closed. The wooden gate deteriorated over time and only traces of the gate still exist. Smith's witnesses testified that they used the road regularly prior to 2017 without any objection from Bishops or their predecessors. Smith hired a bulldozer operator to repair the road in the time frame of 2006–2007 and 2011–2013. Mark Smith testified he never remembers the wooden gate obstructing the road or being closed except during deer season. Sandra Smith testified she remembers traveling the road and gathering rock for their home in 1975–976. The Smiths and Bishops cut hay on the "halves" for several years and the road was used to carry the hay out from 2009–2012.

The court therefore concluded that the evidence did not support a finding that "any gate or

fencing was ever up long enough, consistent enough, or clearly visible enough to defeat Smith's

claim." The court specifically found that "Smith was never put on notice that [the] Bishops

intended to reclaim the road and tolerate only permissive use until 2017 when the berm was

erected."

These findings are supported by ample testimony regarding when and whether the gate

was installed, sat open, rotted, and was not noticeable. Appellants contend that the court erred

"as a matter of law" in issuing these findings because the presence of a fence or gate puts the

public on notice that use of the property is permissive. Appellants rely on *Hoover v. Smith*, 248 Ark.

443, 445–46, 451 S.W.2d 877, 879 (1970) for the rule that

> it is well settled that erection and maintenance of a gate or a wire gap across a road, by an owner, when his purpose is not merely to restrain livestock, constitutes notice to the public that, thereafter, any travel upon the road is by permission of the owner and not as a matter

3

> of right to the public or to any individual traveling the road, even though the gate or gap may be left open during certain seasons.

*Hoover* is not on point. In the case at bar, the court found that the gating at issue was not up "long enough, consistent enough, or visible enough" to put the Smiths on notice. Therefore, while *Hoover* stands for the position that a gate may constitute notice to the public that any use of the property is permissive, the circuit court in this case specifically found that the gate did not provide such notice based on lack of visibility and the amount of time it was used. Appellants dispute these findings, but their arguments essentially ask us to reweigh the evidence and judge the credibility of witnesses. "Disputed facts and determinations of witness credibility are within the province of the fact-finder." *Five Forks Hunting Club, LLC*, 2019 Ark. App. 371, at 13, 584 S.W.3d at 694. We find no reversible error on this point.

Appellants next argue that the court erred in rejecting their argument that any easement established by the Smiths had been abandoned. Appellants contend that there was no evidence that the Smiths maintained the road between 1975 and 2000. Smith, on appeal, points out that there was ample evidence that she and her predecessors in title have used the road regularly for decades. Eric Smith, the county judge of Izard County, testified that he and his family have used Ayler Mountain Road to access their property for as long as he can remember. He noted that he had never asked permission to use the road, and until the berm was built in 2017, no one ever objected to his use of the road. Judge Smith testified that there was never an extended period of time when the road was impassable. Next, Mark Smith testified that he and his family have used Ayler Mountain Road his entire life to access their property on the mountain. He testified that, other than after a storm, there was never a time the road was impassable from the time he was a little boy until the berm was built in 2017. He also testified that in 2007, his family bought a four-wheel-drive tractor and used the blade on the bucket to blade the road. Around 2000, the Smith

4

family purchased a bulldozer and used it on the road when logging. Prior to that, in the 1980s and 1990s, the Smiths picked up rocks by hand to maintain the road.

Here, while there was conflicting evidence as to the maintenance, use, and condition of the road, we see no clear error in the court's finding that the Smiths had not abandoned their prescriptive easement. There was ample testimony that the Smiths consistently used the road for decades and maintained it enough to allow for continued use. The court's finding was supported by the testimony of several witnesses, and we may not reweigh the evidence or make credibility determinations on appeal. Therefore, we affirm.

Third, appellants argue that Smith failed to prove that appellees' use of the road was sufficiently open, notorious, and adverse to put the Bishops on notice of their claim. In Arkansas, it is generally required that one asserting an easement by prescription show by a preponderance of the evidence that one's use has been adverse to the true owner and under a claim of right for the statutory period. *Five Forks Hunting Club, LLC*, 2019 Ark. App. 371, at 14, 584 S.W.3d at 694. The statutory period of seven years for adverse possession applies to prescriptive easements. *Id*.; *see also* Ark. Code Ann. § 18-11-106 (Repl. 2015); Ark. Code Ann. § 18-61-101 (Repl. 2015). A prescriptive easement may be created only by the adverse use of privilege with the knowledge of the person against whom the easement is claimed or by use so open, notorious, and uninterrupted that knowledge will be presumed, and the use must be exercised under a claim of right adverse to the owner and acquiesced in by him. *Five Forks Hunting Club, LLC*, 2019 Ark. App. 371, at 14, 584 S.W.3d at 694.

The court found that the Smiths' use of the road was sufficiently open, notorious, and adverse on the basis of the testimony of several witnesses that they (1) had used the road for as long as anyone could remember, (2) never asked permission to use it, and (3) never hid the fact

5

that they were using the road. The circuit court noted that, "A bulldozer is pretty obvious." In Arkansas, long-standing use of a road without objection from the owner will overcome the presumption that such use is permissive. *See, e.g.*, *Smith v. Loyd*, 68 Ark. App. 127, 131, 5 S.W.3d 74, 76 (1999); *Fullenwider v. Kitchens*, 223 Ark. 442, 266 S.W.2d 281 (1954); *Kimmer v. Nelson*, 218 Ark. 332, 236 S.W.2d 427 (1951).

Appellants also challenge the court's finding that the Smiths consistently used the road. This argument is very similar to the previous argument that the Smiths had abandoned their easement by failing to maintain the road from 1975 to 2000. As discussed above, Smith presented ample testimony that her family has used Ayler Mountain Road for over fifty years. Appellants' argument hinges on the contention that because appellants presented testimony contesting the Smiths' consistent use of the road, the court should have found that the Smiths either did not use the road or intentionally hid their use from the appellants. The circuit court was not obligated to believe the appellants' testimony, especially in light of conflicting evidence presented by the Smith family. Again, the appellants ask us to reweigh the evidence and make credibility determinations. We therefore affirm.

Affirmed.

GRUBER, C.J., and MURPHY, J., agree.

*Jeremy B. Lowrey*, for appellants.

*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Kenneth P. "Casey" Castleberry*; and *Jeff Dobbins*, for appellee