Cite as 2025 Ark. App. 493

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-24-493

| | |
|---|---|
| RIDGEWOOD TIMBER CORPORATION, DERRICK SPINKS, AND MARY JO SPINKS | **Opinion Delivered** October 22, 2025 |
| APPELLANTS | APPEAL FROM THE STONE COUNTY CIRCUIT COURT [NO. 69CV-23-47] |
| V. | HONORABLE HOLLY MEYER, JUDGE |
| RONNIE HADDOCK AND STEPHENY HEBERT | |
| APPELLEES | REVERSED |

## STEPHANIE POTTER BARRETT, Judge

Appellants, Ridgewood Timber Corporation, Derrick Spinks, and Mary Jo Spinks (collectively, "Ridgewood"), appeal the March 28, 2024, Stone County Circuit Court order granting a prescriptive easement in favor of the appellees, Ronnie Haddock and Stepheny Hebert (collectively, "the Haddocks"). Specifically, Ridgewood argues the circuit court erred in granting the Haddocks a prescriptive easement because (1) the hostile use of the road lasted for only two years; and (2) the easement also runs through the property of Kenneth Jones, an unnamed party, in violation of his Fifth and Fourteenth Amendment rights under the United States Constitution. We reverse.

The road in question is accessible from a county road and runs through Ridgewood's property and onto the Haddocks' property. The Haddocks alleged in their petition that they

and their family members had used the roadway in an open, notorious, hostile, and adverse manner for a continuous period in excess of fifteen years, such that their use had ripened into a roadway of prescription. The Haddocks claimed Ridgewood prevented their use of the road. The Haddocks requested that the circuit court find an easement by implication of necessity, a prescriptive easement, and a recorded easement. Ridgewood moved to dismiss the Haddocks' petition.

On September 7, 2023, a hearing was held on Ridgewood's motion. The circuit court stated, "I agree with your contention that the county court has jurisdiction over easements by necessity, and I think that the plaintiff has conceded here today that there is no recorded easement over your property save that generic language in deeds about subject to easements and so forth. So as to the necessity and the recorded easement, I tend to buy where you're at. But I think this case is really about prescriptive easement, which is a fact question." At the conclusion of the hearing, the circuit court denied Ridgewood's motion to dismiss, stating, "[W]e have narrowed the issue down to, at this time, prescriptive easement is the claim. And when we begin the actual trial, Ms. Briese, if there's something different, it needs to be very clear in the pleadings so that defense counsel has adequate notice of that in preparation for the case."

On January 10, 2024, the bench trial began, and the Haddocks moved forward on the prescriptive-easement claim only. Their testimony established that they had purchased a piece of landlocked property in Stone County, Arkansas, in 2006. They testified they always used this road to access the property, passing through land owned by Simorg South Forests

LLC (Ridgewood's predecessors in title), Kennth Jones, and Chip Doss. In July 2015, the Haddocks purchased Doss's land, which sat directly above theirs. The Haddocks now owned a large piece of "L-shaped" landlocked property. After the 2015 purchase, the Haddocks continued to use the road as they always had. The Haddocks testified that in fifteen years of use, they never spent money on maintaining the road, only ensuring it was "passable" for their vehicle. The Haddocks testified they had never asked for or been given permission to use the road, and they had never had anyone try to limit their use of the road until Ridgewood's purchase of the property in 2021.

After Ridgewood's purchase, the Haddocks' use of the road continued as usual for several months until Ridgewood constructed a gate that blocked the entrance to the road. The Haddocks testified they placed their lock on the gate, left a note for Ridgewood explaining what they had done, and continued using the road. However, a few months later, the Haddocks called Ridgewood complaining about hunting-club members who leased Ridgewood's land. Derrick Spinks, co-owner of Ridgewood, testified he informed the Haddocks that the titles and deeds to his land did not contain a record of an easement, and as far as he knew, the Haddocks did not have an easement and needed to cease using the road. Subsequently, the relationship between the Haddocks and Ridgewood become hostile, with the Haddocks complaining of damage to their vehicles caused by nails in the road and trees blocking the entrance to their property.

At the conclusion of all the evidence, the circuit court took the issue under advisement and requested additional information regarding the chains of title from the

parties' properties. On March 28, 2024, the circuit court entered a final order granting a prescriptive easement in favor of the Haddocks. That order stated, in pertinent part:

6. The Court finds the testimony credible supporting Plaintiff kept the roadway passable for regular use for many years.

7. The geography of the surrounding area also demonstrates that the prescriptive easement was the most practical route due to creeks, mountains, and other natural obstacles to access which corroborates the Plaintiffs' testimony that they regularly used the route.

8. Since 2021, Defendant's and Defendant's lease have become demonstrably hostile to Plaintiffs' use. However, Plaintiffs openly and notoriously used the roadway for many years prior to 2021. Thus, satisfying the requisite for acquiring a prescriptive easement.

On April 3, 2024, Ridgewood filed a motion for a new trial, which was deemed denied.

This court reviews equity matters de novo on the record but will not reverse a finding of the lower court unless it is clearly erroneous. *See Owners Ass'n of Foxcroft Woods, Inc. v. Foxglen Assocs.*, 346 Ark. 354, 57 S.W.3d 187 (2001). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* at 361, 57 S.W.3d at 192. In reviewing a circuit court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Carson v. Cnty. of Drew*, 354 Ark. 621, 128 S.W.3d 423 (2003). Disputed facts and determinations of witness credibility are within the province of the fact-finder. *Id.* at 624–25, 128 S.W.3d at 425.

4

A prescriptive easement may be gained by one not in fee possession of the land by operation of law in a manner similar to adverse possession. *Wilson v. Schuman*, 90 Ark. App. 201, 205 S.W.3d 164 (2005). In Arkansas, it is generally required that one asserting an easement by prescription show by a preponderance of the evidence that his or her use has been adverse to the true owner and under a claim of right for the statutory period. *Id.* The statutory period of seven years for adverse possession applies to prescriptive easements. *Id.*

Overt activity on the part of the user is necessary to make it clear to the owner of the property that an adverse use and claim are being exerted. *Owners Ass'n of Foxcroft Woods, Inc.*, 346 Ark. 354, 57 S.W.3d 187. Mere permissive use of an easement cannot ripen into an adverse claim without clear action, which places the owner on notice. *Carson*, 354 Ark. 621, 128 S.W.3d 423. Some circumstances or act in addition to, or in connection with, the use that indicates the use was not merely permissive is required to establish a right by prescription. *Id.* The plaintiff bears the burden of showing by a preponderance of the evidence that there has been adverse, not permissive, use of the land in question. *Id.*

Arguing that their use of the road over several decades was adverse, the Haddocks rely on the following principle as stated by the supreme court:

> Where there is usage of a passageway over land, whether it began by permission or otherwise, if that usage continues openly for seven years after the landowner has actual knowledge that the usage is adverse to this interest or where the usage continues for seven years after the facts and circumstances of the prior usage are such that the landowner would be presumed to know the usage was adverse, then such usage ripens into an absolute right.

*Fullenwider v. Kitchens*, 223 Ark. 442, 446, 266 S.W.2d 281, 283 (1954).

Although the evidence showed the Haddocks had openly used the roadway for more than seven years, time alone will not suffice to transform permissive use into legal title. *Baysinger v. Biggers*, 100 Ark. App. 109, 265 S.W.3d 144 (2007). There must be some circumstances in addition to length of use to show that the use was adverse. *Id.* In *Baysinger*, there was no circumstance, such as use by the general public, to establish that the landowner knew or should have known that the use was hostile. We noted that the only evidence at trial was that the plaintiff had begun using the road to access his property in 1961 and that there had been no objection.

Similarly, here, by the Haddocks' own testimony, there had been no objection to their use of the road until Ridgewood purchased the property in 2021. Even if the Haddocks' use of the road was adverse to Ridgewood beginning in 2021 when Ridgewood purchased the property, this usage falls short of the seven years required to ripen into a prescriptive easement. There was no evidence that the road had been used by the general public or that the Haddocks had committed overt acts to put the prior landowners on notice that an adverse use and claim of right were being exerted. *See Wilson*, 90 Ark. App. 201, 205 S.W.3d 164. Accordingly, their usage did not ripen into an absolute right as in *Fullenwider*. Further, the use of wild, unenclosed, and unimproved land, such as this road, is presumed to be permissive until the persons using the land for passage, by their open and notorious conduct, demonstrate to the owner that they are claiming a right of passage. *Stone v. Halliburton*, 244 Ark. 392, 425 S.W.2d 325 (1968). Under this record, the circuit court was clearly erroneous in granting a prescriptive easement in favor of the Haddocks. We reverse.

Alternatively, Ridgewood argues that the circuit court erred in granting a prescriptive easement to the Haddocks because the easement runs through the property of Kennth Jones, an unnamed party to this appeal, which violates Jones's rights under the First and Fourteenth Amendments to the United State Constitution. However, Ridgewood failed to make this argument before the circuit court. It is well settled that this court will not address an issue raised for the first time on appeal, even a constitutional argument. *Barker v. State*, 2014 Ark. 467, 448 S.W.3d 197.

Reversed.

THYER and WOOD, JJ., agree.

*Benton Gann*, for appellants.

*Law Office of Shannon Briese, PLLC*, by: *Shannon Briese*, for appellees.